## * * SECTION 362 INFORMATION SHEET * *

DEBTOR: ASHJIAN DEVELOPMENT, LLC        BANKRUPTCY NO: 10-20131(mkn)

MOVANT: NEVADA NATIONAL BANK  CHAPTER 11

I, Howard C. Kim, hereby certifies that pursuant to the to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.

Date: July 14, 2010                                  Signature: /s/ Howard C. Kim
                                                     Attorney for Movant


PROPERTY INVOLVED IN THIS MOTION: 138-03-510-011, 138-03-510-012, 138-03-510-013

NOTICE SERVED ON: Debtor ___X___  Debtor's counsel ___X___  Trustee:

DATE OF SERVICE: July 14, 2010

---

| MOVING PARTY'S CONTENTIONS | DEBTOR'S CONTENTIONS |
|---|---|
| The EXTENT and PRIORITY OF LIENS: | The EXTENT and PRIORITY OF LIENS: |
| 1st. $775,264.58 | 1st _____ |
| 2nd | 2nd _____ |
| 3rd | 3rd _____ |
| 4th | 4th _____ |
| Other | Other _____ |
| Total Encumbrances: $775,264.58 | Total Encumbrances: _____ |
| APPRAISAL or OPINION as to VALUE: $515,000 | APPRAISAL or OPINION as to VALUE: |

TERMS OF MOVANT'S CONTRACT                OFFER OF "ADEQUATE
      with the DEBTOR                     PROTECTION for MOVANT

Amount of Note: $700,000
Interest Rate: 5.25% (WSJ +2.00%)
Duration: 12 months
Payment per Month: $ INTEREST ONLY
Date of Default: November 13, 2009
Amount of Arrears: $775,264.58
Date of Notice of Default: 1/5/10

SPECIAL CIRCUMSTANCES:

Submitted by: Howard C. Kim, Esq.            Submitted by: Howard C. Kim, esq
Signature:/s/ Howard C. Kim                  Signature: _____

Howard C. Kim, Esq.                                           E filed on July 14, 2010
HOWARD C. KIM & ASSOCIATES
Nevada Bar No. 10386
400 North Stephanie Street
Henderson, Nevada 89014
Telephone No.: (702)-485-3300
Fax No: (702)-485-3300
Attorney for Movant NEVADA NATIONAL BANK

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | BK-S-10-20131(MKN) |
| | ) | Chapter 11 |
| ASHJIAN DEVELOPMENT, LLC, | ) | |
| | ) | Date of Hearing: 9-1-10 |
| | ) | Time of Hearing: 9:30 Am |
| Chapter 11 Debtor. | ) | |
| | ) | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW, Secured Creditor, NEVADA NATIONAL BANK, by and through its

attorney, Howard Kim & Associates and moves this Court for an Order granting Movant relief

from the automatic stay imposed by 11 U.S.C. § 362(a).   This Motion is based upon 11 U.S.C. §

362(d), Bankruptcy Rules 4001(a) and 9014, the Points and Authorities attached hereto, and upon

all of the records and pleadings on file herein.

Dated this 14th day of July, 2010.

HOWARD C. KIM & ASSOCIATES

By _____
Howard C. Kim, Esq.
Nevada Bar No. 10386
400 North Stephanie Street
Henderson, Nevada 89014
Telephone No. (702) 485-3300
Attorney for Secured Creditor
NEVADA NATIONAL BANK

## POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

On November 13, 2008, Debtor ASHJIAN DEVELOPMENT COMPANY, LLC executed a Note in the sum of Seven Hundred Thousand Dollars ($700,000.00) in favor of Movant NEVADA NATIONAL BANK in order to get a loan to purchase a parcel of   raw land on the west side of North Rainbow Boulevard, near Lone Mountain Road, Las Vegas, Nevada (the "property) . *See* Exhibit "B" attached hereto. Payments were to commence on December 13, 2008 which were interest only, based upon an interest rate of 6%.   All principal and unpaid interest due became due on November 13, 2009 as a balloon payment.   A deed of trust was executed by ASHJIAN DEVELOPMENT COMPANY, LLC and recorded with the Clark County Recorder's Office on November 18, 2008 as document 20081118-0001694. *See* Exhibit "C". The Deed of Trust encumbered property with an assessor's parcel numbers:    138-03-510-011, 138-03-510-012, 138-03-510-013, and had a legal description of:

**PARCEL ONE (1):**

LOT THIRTY-FIVE (35) IN BLOCK TWO (2) OF BRIDLE PATH ESTATES, AS
SHOWN BY MAP THEREOF ON FILE IN BOOK 6 OF PLATS, PAGE 99, IN
THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY,
NEVADA.

APN: 138-03-510-012

**PARCEL TWO (2):**

LOT THIRTY-FOUR (34) IN BLOCK TWO (2) OF BRIDLE PATH ESTATES,
AS SHOWN BY MAP THEREOF ON FILE IN BOOK 6 OF PLATS, PAGE 99, IN
THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY,
NEVADA.

APN: 138–3-510-013

**PARCEL THREE (3):**
LOT THIRTY-SIX (36) IN BLOCK TWO (2) OF BRIDLE PATH ESTATES, AS
SHOWN BY MAP THEREOF ON FILE IN BOOK 6 OF PLATS, PAGE 99, IN

THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

APN: 138–3-510-013

Debtor filed its Petition for Relief on May 31, 2010 under Chapter 11 of the Bankruptcy Code. Debtors have failed to make a post-petition payment on this obligation. As shown by the § 362(a) information sheet, there is a current balance due of Principal of Seven Hundred Thousand Dollars ($700,000.00), interest accrued through the date of Petition of Seventy Five Thousand Two Hundred Sixty Four Dollars and Fifty Eight Cents ($75,264.58) for a total indebtedness of $775,264.58.

An appraisal was prepared on the properties on January 15, 2010 and the value of the property was determined to be Five Hundred Fifty Thousand Dollars ($515,000.00). *See* Exhibit "D". The first meeting of creditors was continued from July 8, 2010 to September 2, 2010. *See* Exhibit "E", PACER Deadline/Hearings.

## II.

## STATEMENT OF THE LAW AND LEGAL ARGUMENT

This Court has jurisdiction of this Motion requesting relief from the automatic stay pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 157, and 11 U.S.C. § 362. Movant requests that this Court terminate the automatic stay to permit it to foreclose on the properties with Assessor's Parcel Numbers 138-03-510-011, 138-03-510-012, 138-03-510-013 and, if necessary, pursue any state court remedies necessary to foreclose and obtain possession of the collateral.

11 U.S.C. § 362 provides as follows:

"(d)    On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as terminating, annulling, modifying, or conditioning such stay–

(1)    for cause, including the lack of adequate protection of an interest in property of such party in interest.
(2)    with respect to a stay of an act against property under subsection (a) of this section, if--

        (A)      the debtor does not have an equity in such property; and

        (b)      such property is not necessary to an effective reorganization."

It is well settled that secured parties with security interests properly perfected under state law have priority over the Trustee in bankruptcy, and that the automatic stay must be modified to permit such secured parties to foreclose on their collateral. *See In re L.M.S. Associates, Inc.*, 18 B.R. 425 (Bankr. S.D. Fla. 1982).

While "adequate protection" is not defined in the Bankruptcy Code, Section 361 sets forth three non-exclusive examples: periodic cash payments, an additional replacement lien, or such other relief as will result in the realization by the creditor of the indubitable equivalent of its interest in the property. *In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984). Thus a debtor is required to provide some form of adequate protection that will preserve a secured creditor's interest in collateral pending the outcome of the bankruptcy.

11 U.S.C. § 362(g) provides that the party opposing a lift-stay motion has the burden of proof on all issues except whether the debtor has equity in the subject property, the debtor has the ultimate burden to prove absence of "cause" under § 362 (d)(1), and the Movant need not prove lack of equity. *In re Gauvin*, 24 B.R. 578 580 (9th Cir. B.A.P. 1982). The automatic stay must be granted if a debtor cannot establish that a Movant's security interest has adequate protection.

"The Ninth Circuit Court of Appeals has held that the proper definition of 'equity' for purposes of § 362(d)(2)(A) is the difference between the value of the property and all the encumbrances upon it. *Stewart v. Gurley*, 745 F.2d 1194, 1196 (9th Cir.1984). "Since the debtor does not have an equity in the property, the dispositive question is whether the property is necessary to an effective reorganization. "As the Supreme Court explained, this means that the debtor must show that there is 'a reasonable possibility of a successful reorganization within a reasonable time.'" *In re Sun Valley Newspapers, Inc.*, 171 B.R. 71, 75 (9th Cir. B.A.P. 1994) citing *United Sav. Ass'n v. Timbers of Inwood Forest Assoc. Ltd.*, 484 U.S. 365, 376, 108 S.Ct. 626, 633, 98 L.Ed.2d 740 (1988).

Movant has a perfected security interest in Debtor's real property. Debtor failed to make the required $700,000 payment on November 13, 2009 nor did it stay current with the interest

payments and owes $75,264.58 in pre-petition interest.  Cause exists to lift the automatic stay because the Debtor has not provided Movant adequate protection of its interest in the secured property.  Cause also exists because the Debtor has failed to make post-petition payments on the Note and the meeting of creditors has been continued, which is evidence that Debtor is not pursuing reorganization.

Due to the rapidly accumulating interest accrual, the diminishing market value of the property, and as the real property is raw land, there is no cash flow to the estate to make any payments upon the obligation,   Movant requests that the Court lift the stay for all purposes so that Movant may go forward with all remedies to which it is entitled, including but not limited to, pursuing a Trustee's sale and taking possession of the real property with Assessor's Parcel Numbers:   138-03-510-011, 138-03-510-012, 138-03-510-013.

Dated this 14th_ day of July, 2010.

HOWARD KIM & ASSOCIATES


By _____
　　　　Howard C. Kim, Esq.
　　　　Nevada Bar No. 10386
　　　　400 North Stephanie Street
　　　　Henderson, Nevada 89014
　　　　Telephone No. (702)
　　　　Attorney for Secured Creditor
　　　　NEVADA NATIONAL BANK